```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA      )
                              )
                              )
                              )
v.                            )    Criminal No.  76-5-RCL
                              )
                              )
                              )
ERNEST DORSEY,                )
     Acquittee.               )
_____
```

## PETITION FOR CONDITIONAL RELEASE

Comes now Ernest Dorsey, through undersigned counsel, and, pursuant to 24 D.C. Code S.501(k), respectfully moves this Honorable Court to release him from his existing confinement at Saint Elizabeths Hospital under the conditions set forth below or under other conditions as may be appropriate based on the record.

In support of this request, Mr. Dorsey respectfully states the following:

1. He has sufficiently recovered his sanity that he will not in the reasonable future be dangerous to himself or others due to mental illness if his conditional release privileges are extended in the following manner:

   (a) Mr. Dorsey shall be allowed to move from his current residence, a Community Residence Facility (CRF) at 6934 9th Street, N.W., to another appropriate, hospital-approved setting, either a Semi-Independent Living (SIL) apartment, or a Single Room Occupancy (SRO). He shall also be permitted to decrease the frequency of his individual therapy appointments, from weekly to biweekly

sessions.

2.   This petition is not a "second or successive" petition filed over the previous six months within the meaning of 24 D.C. Code S501(k)(5);

3.   This petition and the files and records of this case do not conclusively show that Mr. Dorsey is entitled to no relief within the meaning of 24 D.C. Code S501(k)(3);

Wherefore, for the foregoing reasons, Mr. Dorsey respectfully asks that this Honorable Court hold a hearing on this petition, cause notice thereof to issue to the Office of the United States Attorney, make findings of fact and conclusions of law, and then grant this petition or other relief which is just and reasonable.

                        Respectfully submitted,

                        J. Patrick Anthony, #388566
                        Counsel for Mr. Dorsey
                        P.O. Box 11255
                        Takoma Park, Maryland  20913
                        (301) 588-4221

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA       )
                               )
                               )    Criminal No. 76-5-RCL
v.                             )
                               )
ERNEST DORSEY,                 )
    Acquittee.                 )
_____

**MEMORANDUM OF POINTS OF AUTHORITIES**
**IN SUPPORT OF PETITION FOR CONDITIONAL RELEASE**

I.  The Petition For Release Is Proper And A Prompt Hearing Should Be Held

Acquittee, Ernest Dorsey, committed pursuant to 24 D.C. Code §501(d), may request his release from commitment pursuant to 24 D.C. Code §501(k). As subsection 501(k)(7) makes evident, the request for release by petition is supplemental to the request for release by habeas corpus.

Since there is no conclusive showing in the files and records of the case that Mr. Dorsey is entitled to no relief, notice should issue to the United States Attorney and a prompt hearing must be granted pursuant to 24 D.C. Code §501(k)(3).

II.  <u>Petitioner Is Entitled To Conditional Release</u>

The standard governing conditional release under 24 D.C. Code §501 is set forth in <u>Hough v. United States</u>:

> (T)he Court must conclude that the individual has recovered sufficiently so that under the proposed conditions -- or under conditions which the statute empowers the court to impose 'as (it) shall see fit'-- such person will not, in the reasonable future be dangerous to himself or others.  106 U.S. App. D.C. 192, 271 F.2d 458, 461 (1959).

By definition, a conditional release order is proper even though there is showing that the acquittee, if unconditionally released, would pose some risk to the community.  Conditional release provides a vehicle for the Court to monitor a gradual reassimilation of the individual into the community while at the same time protecting the public from unreasonable risk.

> Whatever the method of treatment applied the ultimate goal of therapy for persons involuntarily hospitalized must be to shore up their capacity to function satisfactorily in the unrestricted environment of the outside world.  It appears that this goal is unlikely to be achieved if the patient has little or no opportunity for controlled experiments with freedom.  <u>Covington v. Harris</u>, 136 U.S. App. D.C. 35, 43-44, 419 F.2d 617 (1969).

> As we have constructed the conditional release provision of D.C. Code §24-301(e), complete recovery is not required.  Indeed, for some patients conditional release may be an important and essential part of "recovery".  <u>U.S. v. Ecker</u>, 156 U.S. App. D.C. 233, 226 (fn. 9), 479 F.2d 1206 (1973).

"The purpose of involuntary hospitalization is treatment, not punishment." <u>Rouse v. Cameron</u>, 125 U.S. App. D.C. 366, 373 F.2d 451 (1967). The treatment must therefore be suitable treatment in the least restrictive setting consistent with the patient's needs and those of the public:

> (One) who, by reason of insanity is acquitted of a crime and ... is committed to a mental hospital is entitled not only to treatment, but to treatment in the 'least restrictive alternative' consistent with the legitimate purposes of commitment. <u>Ashe v. Robinson</u>, 146 U.S. App. D.C. 220, 222, 450 F.2d 781, 783 (1971).

Mr. Dorsey submits that release under the conditions proposed in his petition would foster a gradual return to the community which would permit the hospital to exercise sufficient supervision to protect the community from unreasonable risk.

CONCLUSION

For the above reasons, Mr. Dorsey respectfully submits that the sound exercise of the Court's discretion would provide for an order of conditional release under the proposed conditions or other conditions deemed proper by the Court.

Respectfully submitted,

```
                              J. Patrick Anthony, # 388566
                              Counsel for Mr. Dorsey
                              P.O. Box 11255
                              Takoma Park, Maryland  20913
                              (301) 588-4221
```